1 | IRELL & MANELLA LLP
David A. Schwarz (159376)
2 | Laura A. Seigle (171358)
Wendy Marantz Levine (205288)
3 | 1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
4 | Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199
5
Attorneys for Plaintiff
6 | SPACE EXPLORATION
TECHNOLOGIES CORPORATION
7
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
8 | Fred G. Bennett (059135)
Robert J. Becher (193431)
9 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
10 | Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
11
Attorneys for Defendants
12 | NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORP.
AND NORTHROP GRUMMAN CORPORATION
13
14

Priority
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

AUG 2 3 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

17 | SPACE EXPLORATION
TECHNOLOGIES CORPORATION, a
18 | Delaware corporation,
19 |        Plaintiff,
20 |    v.
21 | NORTHROP GRUMMAN SPACE &
MISSION SYSTEMS CORP., an Ohio
22 | corporation, NORTHROP GRUMMAN
CORPORATION, a Delaware
23 | corporation, and Does 1-10.
24 |        Defendants.
25

Case No.  CV 04-4375-DSF(CTx)

CONFIDENTIALITY STIPULATION
AND [PROPOSED] PROTECTIVE
ORDER

Date Filed: June 17, 2004
Trial Date: None Set
Judge: Honorable ~~Carolyn Turchin~~
                  DALE S. FISCHER

DOCKETED ON CM

AUG 2 4 2004

BY

1168084

072 CONFIDENTIALITY
STIPULATION AND
PROTECTIVE
ORDER

14

LODGED

1    Subject to approval of this Court and pursuant to Federal Rule of Civil

2  Procedure 26(c), it is hereby stipulated and agreed by and between the parties to the

3  above-captioned action, through their undersigned counsel, as follows:

4    1.    Until further order of this Court, all documents, tangible things,

5  testimony, interrogatory responses, responses to requests for admission, and other

6  information disclosed in this action by the parties to this action (collectively,

7  "Discovery Information") shall be handled in accordance with this Stipulation and

8  Confidentiality Order (the "Confidentiality Order").  Any person or entity subject to

9  discovery in this action may designate Discovery Information it produces or

10  discloses as Confidential or Restricted Material, as defined below in paragraphs 2

11  and 8, pursuant to this Stipulation and Protective Order.

12                        <u>CONFIDENTIAL MATERIAL</u>

13    2.    For the purpose of this Confidentiality Order, Discovery Information

14  designated as "Confidential" means any information of any type, kind, or character

15  that is designated in good faith as Confidential in the manner specified in this

16  Confidentiality Order by the party producing or disclosing this information.

17  Discovery Information designated as Confidential may be contained in documents

18  produced or made available for inspection, testimony taken in depositions or given

19  in declarations, information derived from entry onto land or other property, tangible

20  things produced or made available for inspection, exhibits, interrogatory answers,

21  responses to requests for admission, or otherwise.

22    3.    Nothing shall be designated as Confidential information except

23  information of a sensitive nature that, if disclosed to persons of expertise in the

24  subject area, would reveal technical or business advantages of the producing party,

25  or that concerns employee personnel records or evaluations that are of a private

26  nature.  Nothing shall be regarded as Confidential information if it:

27    (a)    Is in the public domain at the time of disclosure;

28

1168084 09                          - 2 -                    CONFIDENTIALITY
                                                            STIPULAITON AND
                                                              PROTECTIVE
                                                                 ORDER

1   (b) Becomes part of the public domain through conduct that does not

2 violate this Confidentiality Order, or

3   (c) Is lawfully obtained by the receiving party at a later date from a

4 third party without restriction as to disclosure. If the receiving party

5 reasonably questions the third party's lawful right to such information, the

6 receiving party shall promptly present the issue to the Court after prior

7 consultation with the producing party's counsel of record.

8 If a party receives Confidential information knowing that it was obtained

9 unlawfully, such information shall remain Confidential under this Order. For

10 purposes of this paragraph, the fact that Confidential information may have been

11 disclosed during the discovery process in this case does not place such information

12 in the public domain. Nothing herein shall be construed to limit access to any

13 information by non-parties to the extent that such person or entities have a right and

14 entitlement to such information when such information is sought and obtained

15 pursuant to any applicable law or regulation or separate court order and to the extent

16 that the parties covered by this Confidentiality Order are afforded any and all

17 procedural rights to prevent such disclosure.

18   4. Within ten (10) days following its production, the producing party may

19 designate any Discovery Information as Confidential by labeling each page of the

20 document or placing a suitable label on digital media or other tangible things with

21 the designation: CONFIDENTIAL or CONFIDENTIAL MATERIAL SUBJECT

22 TO PROTECTIVE ORDER or similar legend. All Discovery Information produced

23 shall be treated as if designated as Confidential during that initial ten (10) day

24 period, unless designated as Restricted Material. Any oral testimony, including any

25 transcript of such testimony, given by or on behalf of a party, may be designated as

26 Confidential Material by any party or the witness by so designating either (i) on the

27 record at the time of the testimony or (ii) by separate written notification within ten

28 (10) days after receipt by the party or witness of the transcript of the testimony. All

CONFIDENTIALITY
STIPULAITON AND
PROTECTIVE
ORDER

1  testimony and transcripts shall be treated as if designated Confidential until the

2  expiration of that ten (10) day period.  If testimony is designated as Confidential

3  Material on the record, the court reporter shall mark the face of the transcript and the

4  designated portion thereof containing the designated testimony "Confidential

5  Material," as appropriate.

6          5.     Any document containing Confidential Material that is filed in the

7  United States District Court for the Central District of California shall be filed with

8  the Court pursuant to Local Rule 79-5, and shall be placed in a sealed envelope or

9  other appropriate sealed container marked with the title and docket number of this

10  Action, an identification of the nature of the contents of the sealed envelope or

11  container, and a statement substantially in the following form:

12              SUBJECT TO PROTECTIVE ORDER ENTERED IN
              CASE NO. CV 04-4375-DSF(CTx).  This envelope
13              containing documents that are filed in this case by [name
              of party], is not to be opened nor are the contents thereof
14              to be displayed or revealed except by order of the Court.

15          6.     All documents submitted to any Court, other than the United States

16  District Court for the Central District of California that contain, disclose or discuss

17  Confidential Material shall be filed under seal or in such other manner provided by

18  the procedures of the Court where submitted, which preserves the confidentiality of

19  such documents.

20          7.     Access to and/or disclosure of all or any part of Discovery Information

21  designated as Confidential, including testimony, shall be permitted only to the

22  parties designated as Qualified Recipients in paragraph 17.  Confidential

23  information shall be used for the sole purpose of defending or prosecuting this

24  lawsuit and any subsequent appeals, as well as the related federal action and any

25  subsequent appeals as set forth in the parties' August 4, 2004 letter agreement (the

26  "Purpose").

27

28

CONFIDENTIALITY
STIPULAITON AND
PROTECTIVE
ORDER

<u>RESTRICTED MATERIAL</u>

8.    For the purpose of this Confidentiality Order, "Restricted Material" means any information of any type, kind, or character that the producing party believes in good faith to contain or embody highly proprietary business information, including without limitation trade secrets and competitive and financial information, pricing information, competition-sensitive technical information, customer lists, strategic information regarding marketing, information regarding any projects for the United States government, or similarly sensitive information, disclosure of which could be extremely harmful to the interests of the producing party or that the producing party is otherwise obligated to maintain as highly confidential with restricted access.

9.    Nothing shall be regarded as Restricted Material if it does not satisfy the requirements for treatment as Confidential information or if the receiving party has lawfully obtained it other than through discovery from the producing party in this proceeding.

10.    The producing party may designate Discovery Information as Restricted Material at the time of its production by labeling each page of the document or placing a suitable label on digital media or other tangible things with the designation: RESTRICTED MATERIAL or RESTRICTED MATERIAL SUBJECT TO PROTECTIVE ORDER or similar legend. Any oral testimony, including any transcript of such testimony, given by or on behalf of a party, may be designated as Restricted Material by any party or the witness by so designating either (i) on the record at the time of the testimony or (ii) by separate written notification within ten (10) days after receipt by the party or witness of the transcript of the testimony. All testimony and transcripts shall be treated as if designated Restricted until the expiration of that ten (10) day period. If testimony is designated as Restricted Material on the record, the court reporter shall mark the face of the

1  transcript and the designated portion thereof containing the designated testimony

2  "Restricted Material," as appropriate.

3      11.   Any document containing Restricted Material that is filed in the United

4  States District Court for the Central District of California shall be filed with the

5  Court pursuant to Local Rule 79-5, and shall be placed in a sealed envelope or other

6  appropriate sealed container marked with the title and docket number of this Action,

7  an identification of the nature of the contents of the sealed envelope or container,

8  and a statement substantially in the following form:

9
10
11
    SUBJECT TO PROTECTIVE ORDER ENTERED IN
    CASE NO. CV 04-4375-DSF(CTx).  This envelope
    containing documents that are filed in this case by [name
    of party], is not to be opened nor are the contents thereof
    to be displayed or revealed except by order of the Court.

12      12.   All documents submitted to any Court, other than the United States

13  District Court for the Central District of California that contain, disclose or discuss

14  Confidential Material shall be filed under seal or in such other manner provided by

15  the procedures of the Court where submitted, which preserves the confidentiality of

16  such documents.

17      13.   Access to and/or disclosure of all or any part of Restricted Material,

18  including testimony, shall be permitted only to the parties designated as Qualified

19  Recipients in paragraph 17 (a), (d), (e), and (f).  Restricted information shall be used

20  only for the Purpose.

21      14.   The parties acknowledge that documents produced pursuant to this

22  Confidentiality Order and designated as either Confidential or Restricted may

23  contain "Technical Data" as that term is defined by ITAR.  Accordingly, the parties

24  agree that all documents designated as either Confidential or Restricted may not be

25  shown to non-U.S. persons as defined by ITAR.

26  <u>PROCEDURES FOR DISCLOSURE</u>

27      15.   Each person to whom any Discovery Information designated as

28  Confidential or Restricted Material is to be disclosed pursuant to paragraph 17

1168084 09

- 6 -

CONFIDENTIALITY
STIPULAITON AND
PROTECTIVE
ORDER

1 hereof shall be provided with a copy of this Confidentiality Order prior to such

2 disclosure.

3    16.    Subject to compliance with applicable governmental requirements,

4 Discovery Information designated as Confidential or Restricted Material shall be

5 provided only to the receiving party's counsel of record.  Such Discovery

6 Information may then be disclosed by the receiving party's counsel to Qualified

7 Recipients as defined in paragraph 17 and as permitted by paragraphs 7 and 13,

8 subject to the restrictions contained in this Confidentiality Order and applicable laws

9 and regulations of the United States.

10    17.    Subject to compliance with applicable governmental requirements, and

11 subject to the terms and limitations set forth above, the following are "Qualified

12 Recipients" of Discovery Information designated as Confidential Material:

13        (a)    the Court and Court personnel, including Court Reporters;

14        (b)    officers, directors, and senior managers of the named parties to

15    this litigation or their affiliated companies to whom disclosure is reasonably

16    necessary for this litigation;

17        (c)    employees of the named parties to this litigation or their

18    affiliated companies who are involved in assisting counsel in this litigation

19    and any appeals therein, or who are designated as witnesses by any other

20    party;

21        (d)    counsel of record employed by a party to this litigation, other

22    attorneys of the firm of such counsel assisting in this litigation and any

23    appeals therein, and employees of any firm assisting counsel in this litigation

24    or any appeals therein.

25        (e)    Northrop's in-house counsel assisting in this litigation.  Such

26    persons may have access to Restricted Materials at the offices of Quinn,

27    Emanuel, but shall not maintain any Restricted Materials or excerpts or notes

28

1168084 09

-7-

CONFIDENTIALITY
STIPULAITON AND
PROTECTIVE
ORDER

1    thereof, whether in hard copy or electronic form, at any other location,

2    including Northrop;

3         (f)    any independent experts or consultants retained by an attorney of

4    record in this litigation solely for the purpose of assisting counsel in the

5    prosecution or defense of this litigation or any appeals therein or testifying at

6    trial;

7         (g)    in-house counsel and administrative staff including paralegals

8    and secretaries of the named parties to this litigation or their affiliated

9    companies to whom disclosure is reasonably necessary for this litigation;

10        (h)    any author or recipient of the Confidential Material; and

11        (i)    during their depositions, witnesses in the action to whom

12   disclosure is reasonably necessary.  Witnesses shall not retain a copy of

13   Confidential Material.

14   No person having access to any Discovery Information designated as Confidential

15   Information shall disclose in any manner its contents to any person other than to

16   those persons specifically identified in paragraphs 17(a) through 17(i).  Subject to

17   compliance with applicable governmental requirements, and subject to the terms and

18   limitations set forth above, the Qualified Recipients of Restricted Material shall be

19   limited to those persons designated in paragraphs 17(a), 17(d), 17(e), and 17(f).  No

20   person having access to Restricted Information shall disclose in any manner its

21   contents to any person other than to those persons specifically identified in

22   paragraphs 17(a), 17(d), 17(e), and 17(f).  No disclosure of Confidential Material or

23   Restricted Material shall be made for any purpose other than those specified in this

24   Order.  Prior to receiving any Confidential or Restricted Material, any person

25   identified in paragraph 17(b), (c), (e), (f), (g), (h), and (i) above, shall be provided

26   with a copy of this Confidentiality Order and shall execute a statement, a copy of

27   which is attached as Exhibit A, acknowledging the contents of this Confidentiality

28   Order and penalty for violation thereof; which statement shall be maintained by the

1168084 09                                    - 8 -                          CONFIDENTIALITY
                                                                           STIPULAITON AND
                                                                              PROTECTIVE
                                                                                ORDER

1 receiving party's counsel.  Any person receiving material subject to this

2 Confidentiality Order shall maintain such materials in a manner that restricts access

3 to only authorized persons.

4　　　18.　In addition to the "Qualified Recipients" listed in paragraph 17, if

5 counsel of record determines that it is necessary to disclose Discovery Information

6 designated as Confidential or Restricted Material to any other person in connection

7 with this action, and such disclosure is in conformance with applicable laws and

8 regulations of the United States, counsel for the party wishing to make disclosure

9 shall first give written notice by facsimile to counsel of record for the producing

10 party specifically identifying the Discovery Information for which disclosure is

11 sought and the name and affiliation of the person to whom the material is to be

12 disclosed.  Counsel for the designating party shall have seven (7) days (excluding

13 weekends and holidays) following receipt of such written notice to object in writing

14 to the proposed disclosure.  If, at the end of those seven (7) days, the designating

15 party has not objected, such Discovery Information may be disclosed, provided that

16 such disclosure shall be limited to the person(s) stated in the notice of disclosure.  If

17 no agreement as to the propriety of disclosure is reached, the party seeking

18 disclosure may apply to the Court for approval of such disclosure.

19　　　19.　If a receiving party contends that specific Discovery Information is not

20 entitled to be designated as Confidential or Restricted Material, such party may at

21 any time give written notice challenging such designation to the producing or

22 disclosing party.  The parties shall make diligent good faith efforts to resolve any

23 disagreement as to the appropriate designation of the disputed Discovery

24 Information.  If good faith negotiations fail to resolve a disagreement within the

25 following ten (10) days, the receiving party may apply to the Court to challenge the

26 designation and may request a ruling that specific documents or testimony shall not

27 be treated as Confidential or Restricted Material.  The burden shall be upon the

28 producing party to justify the designation.

1168084 09

- 9 -

CONFIDENTIALITY
STIPULAITON AND
PROTECTIVE
ORDER

20.    If a party in possession of Confidential or Restricted Material is served with a subpoena, demand, or request for production of such information from a court or an administrative, legislative or other governmental body, or from any other person purporting to have authority to subpoena, demand, or request such information, the recipient shall give immediate written notice of the subpoena, demand, or request (including the delivery of a copy thereof) to the attorneys of record for the producing or disclosing party.  In the event that a subpoena, demand, or request purports to require production of such Confidential or Restricted Material on less than ten days' notice, the party to whom the subpoena, demand, or request is directed shall give prompt telephonic notice of the receipt of such subpoena, demand, or request, and transmit a copy thereof by email, facsimile or by next-day delivery service, to the attorneys for the producing or disclosing party.

21.    Nothing herein shall preclude a party from disclosing documents or information obtained by lawful means that was not obtained through discovery in this proceeding or that has not been designated as Confidential or Restricted Material as provided in this Confidentiality Order provided, however, that such disclosure is in conformance with all laws and regulations of the United States and that nothing in this Confidentiality Order shall be construed to modify the parties' existing commercial or contractual obligations to maintain confidentiality except to the extent that disclosure is required in this proceeding subject to the terms of this Order.

22.    If any Confidential or Restricted Material is inadvertently produced without being marked in accordance with this Confidentiality Order, the failure to so mark the document or other material shall not be deemed a waiver of its confidential or more restrictive status.  If a party (or its counsel) discovers that such document or material has been inadvertently produced without the proper marking, such party (or its counsel) shall take prompt and reasonable steps to attempt to have the document or material marked as Confidential or Restricted Material or returned to the party

1  producing the document or material to be marked pursuant to paragraphs 4 or 10 of

2  this Confidentiality Order.  If a party (or its counsel) discovers that testimony has

3  been inadvertently included in a deposition transcript without the proper marking,

4  such party (or its counsel) shall take prompt and reasonable steps to attempt to have

5  the testimony marked appropriately.

6       23.    If a party to this Confidentiality Order (or its counsel) becomes aware

7  that disclosure of Confidential or Restricted Material, including testimony, has been

8  made to parties other than the appropriate Qualified Recipients as designated by this

9  Confidentiality Order, such party (or its counsel) shall immediately inform counsel

10  for the party whose Confidential or Restricted Material has thus been disclosed of

11  all relevant information concerning the nature and circumstances of such disclosure,

12  and shall promptly take all reasonable measures to prevent further or greater

13  unauthorized disclosure of the Confidential or Restricted Material.

14       24.    At the conclusion of this litigation or any appeals thereof, all Discovery

15  Information designated as Confidential or Restricted Material as well as all copies,

16  excerpts or summaries thereof, shall be returned to the producing or disclosing party

17  or destroyed.  Counsel of record for any party receiving Discovery Information

18  designated as Confidential or Restricted Material shall certify within 30 days of the

19  conclusion of this litigation or any appeals thereof to counsel for the producing or

20  disclosing party that the provisions of this paragraph have been satisfied.  The

21  provisions of this Confidentiality Order shall not terminate with the disposition of

22  this action, but shall continue in effect until further Order of the Court.

23       25.    Notwithstanding the foregoing, one archival copy of pleadings,

24  correspondence, work product, discovery responses, exhibits and documents

25  included in submissions to the Court may be retained by outside counsel.

26                          MISCELLANEOUS

27       26.    Entry of this Order does not obligate the parties to produce any

28  documents, or comply with any discovery requests, except in accordance with its

1168084 09

- 11 -

1   obligations under the Federal Rules of Civil Procedure and in a manner consistent

2   with the laws and regulations of California and the United States.

3      27.   It is understood and agreed that disclosure of Confidential or Restricted

4   Material pursuant to this Order is not intended to concede the relevancy,

5   competency, or admissibility of any matter.

6      28.   Nothing herein shall preclude any party from applying to this Court for

7   an order modifying this Confidentiality Order, or shall preclude any modification of

8   this Confidentiality Order by the Court with the consent of all parties hereto,

9   provided that such modification is set out in writing and signed by counsel of record

10   for all parties.

11      29.   In the event any party seeks discovery of information from a third party

12   which is alleged by such third party to be Confidential or Restricted information as

13   defined in this Confidentiality Order, such third party may adopt in writing the terms

14   and conditions of this Confidentiality Order and may designate such information as

15   Confidential or Restricted information consistent with this Confidentiality Order.

16   The parties agree that such third party information designated Confidential or

17   Restricted will be received and maintained by them under the provisions of this

18   Confidentiality Order.  Such third party, having first adopted the terms and

19   conditions of this Confidentiality Order in writing, may enforce the terms and

20   conditions of this Confidentiality Order as if a party to this action.

21      30.   The Court retains jurisdiction to enforce provisions of this

22   Confidentiality Order and to make such modifications and additions to this

23   Confidentiality Order as the Court may from time to time deem appropriate.

24      31.   The parties acknowledge that any breach of this Confidentiality Order

25   will result in irreparable harm to the aggrieved party, who cannot be reasonably or

26   adequately compensated by damages.  Therefore, the parties agree that the

27   aggrieved party shall be entitled to seek injunctive relief to prevent a breach of this

28

CONFIDENTIALITY
STIPULAITON AND
PROTECTIVE
ORDER

1 | Confidentiality Order or to secure enforcement thereof in addition to any other legal
2 | remedy, relief or award to which the aggrieved party may be entitled.

3 |         32.    This Confidentiality Order may be executed in two or more
4 | counterparts, each of which shall be deemed an original and all of which together
5 | shall constitute one and the same instrument.

6 | Dated: August 19, 2004            IRELL & MANELLA LLP

By: _Laura Seigle_
Laura A. Seigle
Attorneys for Plaintiff

11 | Dated: August 18, 2004          QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: _Robert J. Becher_
Robert J. Becher
Attorneys for Defendants

## ORDER

    The Court having read and considered the foregoing Stipulation, and good cause appearing for the relief requested therein, IT IS SO ORDERED.

DATED: 8-23-04

_____
The Honorable ~~Carolyn Turchin~~
Dale S. Fischer

1168084

SCANNED

EXHIBIT A

1  

2      The undersigned hereby acknowledges receipt of copies of the

3  Stipulation and Confidentiality Order (the "Confidentiality Order") entered by the

4  United States District Court for the Central District of California, dated _____, in

5  the action entitled Space Exploration Technologies Corp. v. Northrop Grumman

6  Space & Mission Systems Corp., et al., Case Number CV 04-4375 DSF (CTx) .  The

7  undersigned states that he or she has read, fully understands, and agrees to be bound

8  by the provisions of said Confidentiality Order with respect to documents or

9  information designated as Confidential or Restricted Material:  including the

10  prohibition on the communication of any information contained in such documents

11  or information except pursuant to the explicit terms of the Confidentiality Order,

12  and is aware that for any violation of the provisions of said Confidentiality Order, he

13  or she is subject to such penalties as the Court may direct.  The undersigned further

14  expressly acknowledges that the disclosure in any manner of information designated

15  as Confidential or Restricted Material to persons other than the appropriate

16  Qualified Recipients in paragraph 17 will constitute a violation of an Order of the

17  Court.

18  Dated: _____

19  _____  
    Signature

20  

21  _____  
    Name (printed or typed)

22  

23  _____  
    Title

24  
25  
26  
27  
28  

1168084 09

- 14 -

CONFIDENTIALITY  
STIPULAITON AND  
PROTECTIVE  
ORDER

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 1800 Avenue of the Stars, Suite 900,
3   Los Angeles, California 90067-4276.

4      On August 19, 2004, I served the foregoing document described as CONFIDENTIALITY
STIPULATION AND [PROPOSED] ORDER on each interested party, as follows:

5

Fred G. Bennett, Esq.
6          Robert J. Becher, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
7          865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2535

8

9      ☒      (BY MAIL) I placed a true copy of the foregoing document in a sealed
envelope addressed to each interested party, as set forth above.  I placed each
10              such envelope, with postage thereon fully prepaid, for collection and mailing at
Irell & Manella LLP, Los Angeles, California.  I am readily familiar with Irell &
11              Manella LLP's practice for collection and processing of correspondence for
mailing with the United States Postal Service.  Under that practice, the
12              correspondence would be deposited in the United States Postal Service on that
same day in the ordinary course of business.

13

Executed on August 19, 2004, at Los Angeles, California.

14

I declare under penalty of perjury that the foregoing is true and correct.

15

16

_____Susan Dreger_____          _____
17          (Type or print name)                            (Signature)

18

19

20

21

22

23

24

25

26

27

28

1142896.1 03