Priority ☒
Send ☒
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
CIVIL MINUTES--GENERAL

Case No.: CV 04-4375-DSF(CTx)          Date: October 5, 2004

Title: <u>SPACE EXPLORATION TECHNOLOGIES CORP. v. NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORP., ET AL.</u>

=================================================================
DOCKET ENTRY:
=================================================================
PRESENT:        Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

                Deborah Malone
                Deputy Clerk                     Court Reporter

DOCKETED ON CM
OCT - 5 2004
BY _____ 055

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
        None present                             None present

**PROCEEDINGS:** (IN CHAMBERS)

The magistrate is in receipt of defendants' motion for a protective order precluding the deposition of Aulana L. Peters. The motion is **DENIED WITHOUT PREJUDICE** and taken off calendar.

The joint stipulation required by Local Rule 37-2 should contain each party's position as to the following: (1) introductory statement; and, (2) issues. With respect to the introductory statement, the moving party's statement should be followed by the opposing party's statement unless the parties agree upon an introductory statement. With respect to each issue, the moving party's contention together with applicable points and authorities should be followed by the opposing party's. In this case, it appears to the magistrate judge that the parties simply stapled their points and authorities together. Moreover, while the parties address the same general issues, in multiple instances they fail to address the specific issues raised by the opposing party and they define the issues differently. For example, the issue of whether plaintiff's request to depose Ms. Peters is unnecessary and improper is too broad. It appears to the court that the first issue is whether, in this circuit, plaintiff is required to establish that Ms. Peters possesses superior and unique knowledge of the facts or, rather, simply that Ms. Peters has personal knowledge of the facts in order to avoid the issuance of a protective order.

Moreover, it appears that there was no good faith pre-filing conference in this case. Local Rule 37-1. Specifically, defendants argue that plaintiff has failed to exhaust less intrusive discovery methods. However, as plaintiff points out, defendants have objected to plaintiff's various discovery requests. (<u>See</u> Declaration of Brian Ledahl ("Ledahl Decl."), ¶¶ 4-5, Exs. C, D). Counsel do not appear to have fully explored the possibility that the disputed deposition will become unnecessary upon defendants' production of various documents sought by plaintiff.

23

    Counsel are ordered to meet and confer within one week of this order to discuss the remaining disputed issues, attempt to agree to a resolution of each issue and failing that, to define each issue. Additionally, the parties are to discuss their competing positions and the authority in support of their competing positions. The joint stipulation, if any disputes remain, should be prepared at the meeting or shortly thereafter.

    If this matter is placed back on calendar, 21 days' notice is required. See Local Rule 37-3.


cc:  David Schwartz, Esq.
     Irell & Manella
     1800 Avenue of the Stars, Suite 900
     Los Angeles, CA 90067-4267

     Fred G. Bennett
     Quinn Emanuel Urquhart Oliver & Hedges, LLP
     865 South Figueroa Street, 10th Floor
     Los Angeles, CA 90017-2543




**MINUTES FORM 11**                                    Initials of Deputy Clerk_____
**CIVIL-GEN**