[CERTIFY THAT THIS DOCUMENT WAS SERVED
BY DELIVERY ON PLAINTIFF/DEFENDANT (OR PARTIES)
AT THEIR RESPECTIVE MOST RECENT FAX NUMBER OF RECORD
IN THIS ACTION ON THIS DATE.

DATE: NOV 29 2004
DEBORAH A. MALONE
DEPUTY CLERK

```
Priority    X
Send        X
Enter       ___
Closed      ___
JS-5/JS-6   ___
JS-2/JS-3   ___
Scan Only   ___
```



FILED
CLERK, U S DISTRICT COURT
NOV 29 2004
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORP., an Ohio corporation, NORTHRUP GRUMMAN CORPORATION, a Delaware corporation, and Does 1-10,<br><br>Defendants. | NO. CV 04-4375-DSF(CTx)<br><br>ORDER CONDITIONALLY GRANTING IN PART AND WITHOUT PREJUDICE DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |



DOCKETED ON CM
NOV 30 2004
BY ___ 055

## INTRODUCTION

Based on the file and records before the court, plaintiff Space Exploration Technologies Corporation ("Space X") is a small technology company that designs, develops, produces, and launches boost vehicles propelled by pintle injector rocket engines. (First Amended Complaint ("FAC"), ¶¶ 2, 4). These boost vehicles are used for military target purposes and for placing cargo, such as satellites, into space. (Id.) Defendant Northrop Grumman Space & Mission Systems Corporation ("Northrop Grumman Space") and its parent corporation, defendant



Northrop Grumman Corporation ("NGC") (collectively, "Northrop") are leaders in space technology and also design and sell boost vehicles propelled by pintle injector rocket engines. (Id., ¶¶ 3-4). Therefore, Space X and Northrop are competitors with respect to pintle engines for use in boost vehicles for government and private contracts. (Id.) Space X alleges that Northrop has engaged in a pattern of anti-competitive behavior and asserts eleven causes of action against Northrop: (1) monopolization and attempted monopolization in violation of 15 U.S.C. § 2; (2) fraud and deceit; (3) unfair business practices in violation of California Business & Professions Code section 17200 et seq.; (4) unfair competition; (5) misappropriation of trade secrets in violation of California Civil Code section 3426 et seq.; (6) breach of contract; (7) breach of confidence/fiduciary duties; (8) tortious interference with contractual relations; (9) tortious interference with prospective economic relations; (10) conspiracy/aiding and abetting; and, (11) unjust enrichment.

Among other things, Space X alleges that Northrop abused its status as a government contractor, through which it had been "deputized" by the U.S. Air Force, to inspect Space X's work-in-progress on a contract with the Naval Research Laboratory, U.S. Department of the Navy, for a launch of a Falcon vehicle. (Id., ¶ 9). More specifically, Space X asserts that, in connection with a contract as a Systems Engineering Technical Assistance ("SETA") contractor for the U.S. Air Force Space and Missile Systems Center, Northrop personnel conducted an interim design review ("IDR") in January 2004 of Space X's work for the Naval Research Laboratory. (Id.)

Because a SETA contractor sits in judgment on the work of its competitors, the government imposes two fundamental fiduciary duties on

the SETA contractor. First, the SETA contractor must perform its functions with impartiality, to ensure that the review is conducted in a manner that will eliminate or neutralize any potential for bias. (See Federal Acquisition Regulations ("FAR"), §§ 9.505, 9.508). Second, the SETA contractor must ensure that any confidential information obtained is not used by or disclosed to SETA contractor personnel working on ongoing or prospective development efforts that compete with the work of the company being reviewed. In fulfilling these duties, the SETA contractor must advise the Air Force of any actual or potential conflicts of interest that may be triggered in the performance of the SETA review and provide a written mitigation plan, so that the Air Force can determine whether the contractor can perform its SETA functions without compromising the company whose work is being reviewed. (See 48 C.F.R. §§ 9.505(b), 9.505-4; see also FAC, ¶¶ 62, 75).

Space X alleges that Northrop breached these fiduciary duties to Space X by disclosing confidential and proprietary information to employees working on competing projects; using the confidential and proprietary information for its own purposes; failing to return the confidential and proprietary information; failing to take appropriate and necessary measures to mitigate the damage done by the foregoing actions; refusing to "firewall" competing employees; and, using its SETA position to compete with Space X and interfere with Space X's business and contractual relations. (FAC, ¶ 147). Space X's allegations assert that Northrop's liability is due to, inter alia, a failure to the entire corporation to pursue appropriate policies and practices for ethics and avoidance of conflicts of interest. (Id., ¶ 9).

In response to Space X's allegations, Northrop retained the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried, Frank") to

conduct an investigation and report on any alleged wrongdoing. (Peters Decl., ¶ 6; see also FAC, ¶ 12).

Before the magistrate judge is Northrop's motion for a protective order precluding the deposition of Aulana Peters, a member of Northrop's Board of Directors and Chairperson of Northrop's Compliance, Public Issues, and Policy Committee. (Declaration of Aulana L. Peters ("Peters Decl."), ¶ 4). Among other things, that Committee "reviews and monitors the Company's policies and programs for ethics and business conduct." (Declaration of Brian D. Ledahl ("Ledahl Decl."), ¶ 3, Ex. B).

Ms. Peters is a retired partner of Gibson, Dunn & Crutcher, where she practiced business and commercial litigation. (Peters Decl., ¶ 1). From 1984 to 1988, she served as Commissioner of the United States Securities and Exchange Commission. (Peters Decl., ¶ 2). She was elected to succeed former Secretary of Defense Melvin R. Laird as a member of the Public Oversight Board of the American Institute of Certified Public Accountants' SCC Practice Section effective January 1, 2001. (Id.) At various times, she has either served, or continues to serve, as a member of the Board of Directors of Merrill Lynch, Minnesota Mining and Manufacturing Company ("3M"), Mobil, Calloway Golf Company, John Deere, KCET, and the New York Stock Exchange. (Id., ¶ 3).

The parties submitted a joint stipulation in accordance with Local Rule 37-2.1 as well as various documents appended to the joint stipulation.

**ORDER**

After careful consideration of the documents submitted and applicable legal principles, the magistrate judge finds and rules as follows:

1. Northrop asserts that Space X must demonstrate that Ms. Peters

has "unique or superior knowledge" in order to take her deposition. (Joint Stipulation at 14-17). To the contrary, Space X maintains that, in this Circuit, a witness with personal knowledge of relevant facts is subject to deposition. (Id. at 19). Northrop has not identified any Ninth Circuit decision that explicitly states that the party seeking to depose a high-ranking corporate official, such as Ms. Peters, must show that the official possesses unique or superior knowledge of the information sought. (Id. at 15). Rather, Northrop argues that this standard may be *inferred* from the Ninth Circuit's holding in Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). (Id.) Northrop misreads Blankenship. See Blankenship v. Hearst Corp., 519 F.2d at 429 (reversing the district court's granting of a protective order and holding that "a strong showing is required before a party will be denied entirely the right to take a deposition" and that a party seeking a protective order to block a deposition carries a "heavy burden"). In concluding that the plaintiff should be permitted to proceed with the deposition on remand, the Ninth Circuit noted that plaintiff "suggest[ed] possible information that George Hearst might have that others did not." Id. However, the Ninth Circuit did not hold that such a showing was required. See also Anderson v. Air West, Inc., 542 F.2d 1090, 1092-93 (9th Cir. 1976) (holding that the district court properly denied Howard Hughes' motion for a protective order in a shareholder action regarding Hughes Air's acquisition of another aircraft company, reasoning that it was appropriate for Mr. Hughes to be deposed be he
5

"probably had *some knowledge* of the 1970 acquisition") (emphasis added). In sum, while there is case law that supports both parties' positions, the magistrate judge concludes that, in this Circuit, a witness who has personal knowledge about relevant facts is subject to deposition. See Blankenship v. Hearst Corp., 519 F.2d at 429; Anderson v. Air West, Inc., 542 F.2d at 1092-93.

2. Even assuming that the "unique or special knowledge" standard applies in this Circuit, Ms. Peters possesses unique or superior knowledge of the information sought by plaintiffs. Northrop's argument to the contrary relies on a reading of the First Amended Complaint that is too narrow.[1] Space X alleges a broad-based failure to put into place appropriate procedures

---

[1] Northrop previously brought a motion to strike Space X's allegations regarding Northrop's purported failure to implement corporate controls and procedures. Among other things, Northrop argued that the following allegations were irrelevant:

> This conduct exposes Northrop's lack of corporate process and internal controls for protecting other companies' proprietary information that Northrop obtains through its position of trust in overseeing government contracts. The violations demonstrate a systemic breakdown in the manner with which Northrop maintains and monitors employee compliance with regulatory and contractual obligations to preserve, to protect, and not to misuse proprietary information, all to the detriment of Space X. Northrop's conduct displayed, at best, an indifference to ethics training, oversight, and compliance, expected of any "Responsible Contractor," as that term is defined by the U.S. government under the Federal Acquisition Regulations . . .

(FAC, ¶ 9). The district judge denied Northrop's motion to strike these allegations, concluding that Northrop's "argument that [Space X's] allegations have no bearing on the present lawsuit and are irrelevant is inaccurate." (Ledahl Decl., ¶ 4, Ex. C).

6

and controls. (See, e.g., FAC, ¶ 9). Ms. Peters is the Chairperson of the Committee that is responsible for reviewing and monitoring these policies and practices. (Peters Decl., ¶ 4; Ledahl Decl., ¶ 3, Ex. B). Thus, Ms. Peters' knowledge about such matters is relevant to this case even independent of the actual substance of the policies. For example, Space X is entitled to discovery regarding Ms. Peters' understanding of Northrop's obligations and knowledge of Northrop's activities. Space X also is entitled to information regarding Ms. Peters' role in the Fried, Frank investigation; actions taken by Ms. Peters and her Committee before Fried, Frank was retained; and, the actions her Committee took after receiving the Fried, Frank investigation report. Therefore, this case is distinguishable from the cases on which Northrop relies. See, e.g., Mulvey v. Chrysler Corp., 106 F.R.D. 364, 365-66 (D.R.I. 1985) (denying plaintiff's motion to depose Lee Iacocca, Chairman of the Board of Chrysler Corporation where Mr. Iacocca signed an "affidavit professing ignorance to the information the plaintiff's [sought]"); Baine v. General Motors, 141 F.R.D. 332, 334-35 (M.D. Ala. 1991) (requiring other forms of discovery before the deposition of a General Motors executive could take place in a products liability case involving allegedly defective seat belts where it had not been demonstrated that the executive had "any superior or unique personal knowledge of the restraint system or of the accident which led to the plaintiffs' decedent's death").

3. While Ms. Peters' communications with counsel are privileged if the appropriate foundation is established, Space X is

7

entitled to obtain the necessary foundational information to test Northrop's assertion of privilege. See Fed.R.Civ.P. 26(b)(5). For example, Space X is entitled to inquire of Ms. Peters when she communicated with lawyers; with whom she communicated; and, what was the subject matter of the communication. Id.

4. However, the magistrate judge finds that Space X first should attempt to gather this evidence by means less intrusive than a deposition on oral examination. Northrop's motion for a protective order precluding the deposition of Aulana Peters is **GRANTED IN PART** as follows:

   a. Space X may proceed to conduct a deposition of Aulana Peters on written questions, pursuant to Rule 31 of the Federal Rules of Civil Procedure, to explore Ms. Peters' personal knowledge about the events at issue in this lawsuit; and,

   b. Space X may proceed to conduct a Rule 30(b)(6) deposition of Northrop regarding, among other things, its policies and programs for ethics and business conduct.

5. Thereafter, if deemed necessary based on a good faith evaluation of the evidence obtained through the deposition on written questions and the Rule 30(b)(6) deposition, Space X may apply to the court for relief from this partial protective order pursuant to the joint stipulation procedures set forth in Local Rule 37.

6. Regarding all aspects of this order, issues with respect to the preclusion at trial of witnesses and evidence are reserved for the district judge.

7. To the extent that the parties subsequently agree to a mode of discovery that is different from that ordered herein, the parties may modify this order by agreement in writing.

8. Either party may file a motion for review and reconsideration with the district judge within ten days of this order. This order is stayed if such a motion is filed until further order of the district judge.

9. The parties may wish to consider whether a Special Master should be appointed, pursuant to Federal Rule of Civil Procedure 53(b), to preside over further discovery disputes in this case. If the parties believe that such an appointment is warranted, they should submit a stipulation and proposed order, which contains, among other things, a stipulated recommendation as to who should be appointed as the Special Master in this action and what the terms of the Special Master's compensation should be. This stipulation and proposed order should be submitted to the district judge.

10. **The hearing previously set for December 6, 2004 before the magistrate judge is taken off calendar.**

DATED: November 29, 2004

_____
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

1  cc:  Judge Fischer

2      David Schwartz, Esq.
       Irell & Manella
3      1800 Avenue of the Stars, Suite 900
       Los Angeles, CA 90067-4267
4
       Fred G. Bennett
5      Quinn Emanuel Urquhart Oliver & Hedges, LLP
       865 South Figueroa Street, 10th Floor
6      Los Angeles, CA 90017-2543

```
*********************
***  TX REPORT   ***
*********************

           TRANSMISSION OK

           TX/RX NO              0385
           RECIPIENT ADDRESS     913102037199
           DESTINATION ID
           ST. TIME              11/29 16 45
           TIME USE              01'26
           PAGES SENT            10
           RESULT                OK
```

SCANNED

FILED
CLERK, U.S. DISTRICT COURT

NOV 29 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SPACE EXPLORATION                ) NO. CV 04-4375-DSF(CTx)
TECHNOLOGIES CORPORATION, a      )
Delaware corporation,            )
                                 )
              Plaintiff,         )
                                 ) ORDER CONDITIONALLY GRANTING IN PART
         v.                      ) AND WITHOUT PREJUDICE DEFENDANTS'
                                 ) MOTION FOR A PROTECTIVE ORDER
NORTHROP GRUMMAN SPACE &         )
MISSION SYSTEMS CORP., an Ohio   )
corporation, NORTHRUP GRUMMAN    )
CORPORATION, a Delaware          )
corporation, and Does 1-10,      )
                                 )
              Defendants.        )
_____)

INTRODUCTION

Based on the file and records before the court, plaintiff Space

```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              0384
RECIPIENT ADDRESS     94433100
DESTINATION ID
ST. TIME              11/29 16:40
TIME USE              02'00
PAGES SENT            10
RESULT                OK
```



FILED
CLERK, U.S DISTRICT COURT

NOV 29 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORP., an Ohio corporation, NORTHRUP GRUMMAN CORPORATION, a Delaware corporation, and Does 1-10,<br><br>Defendants. | NO. CV 04-4375-DSF(CTx)<br><br>ORDER CONDITIONALLY GRANTING IN PART AND WITHOUT PREJUDICE DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |

## INTRODUCTION

Based on the file and records before the court, plaintiff Space