Priority ✓
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U.S. DISTRICT COURT

DEC 21 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SPACE EXPLORATION TECHNOLOGIES CORPORATION

Plaintiff,

vs.

NORTHROP GRUMAN CORPORATION, et al.

Defendants.

CASE NO. CV 04-4375-DSF(CTx)

**ORDER RE JURY TRIAL**

**I.  ORDER RE DEADLINES:**

A. Adding Parties or Amending Pleadings: 5/23/05

B. Discovery Cut-Off: 10/3/05

C. Expert Witness Exchange Deadline:
Initial - 10/17/05
Rebuttal - 11/16/05
Cut-off - 12/9/05

D. Motion Hearing Cut-off:
11/21/05 at 1:30 p.m.

E. Settlement Conference Cut-off:
12/5/05 (Procedure TBD)

F. Final Pretrial Conference:
1/23/06 at 3:00 p.m.

G. Trial Date: 2/14/06 at 8:00 a.m.

**II.   ORDER RE TRIAL PREPARATION**

**III.  ORDER GOVERNING CONDUCT OF ATTORNEYS AND PARTIES**

DOCKETED ON CM

DEC 22 2004

BY _____ 013

32

# I

## DEADLINES

### A.    PARTIES/PLEADINGS

The Court has established a cut-off date for adding parties or amending pleadings. All motions to add parties or to amend the pleadings must be noticed, and must be <u>heard</u> on or before the cut-off date. All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-7.1.

### B.    DISCOVERY AND DISCOVERY CUT-OFF

1. <u>Discovery Cut-off</u>: The Court has established a cut-off date for discovery, including expert discovery if applicable. This is not the date by which discovery requests must be served; it is the date by which all discovery, <u>including all hearings on any related motions</u>, is to be completed.

2. <u>Discovery Disputes</u>: Counsel are expected to comply with all Local Rules and the Federal Rules of Civil Procedure concerning discovery. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can be found on the Court's website under "Attorney Information> Attorney Admissions").

3. <u>Discovery Motions</u>: Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

4. <u>Depositions</u>: All depositions shall commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing

party enough time to bring any discovery motions concerning the deposition before the cut-off date. Given the requirements to "meet and confer," and notice requirements, in most cases a planned motion to compel must be discussed with opposing counsel approximately six weeks before the cut-off.

5. <u>Written Discovery</u>: All interrogatories, requests for production of documents, and requests for admissions must be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

6. <u>Expert Discovery</u>: All disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The final pretrial conference and trial dates will not be continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

## C.    LAW AND MOTION

The Court has established a cut-off date for the <u>hearing</u> of motions. All motions must be noticed so that the <u>hearing</u> takes place on or before the motion cut-off date. Counsel are to provide chambers with conformed courtesy copies of all documents. Courtesy copies should not be put in envelopes. Counsel should consult the Court's Standing Order, previously provided, to determine the Court's requirements concerning motions. A copy of the Standing Order is also available on the Court's website at www.cacd.uscourts.gov > Judges' Procedures and Schedules > Hon. Dale S. Fischer.

## D.    FINAL PRETRIAL CONFERENCE

1. A final pretrial conference date has been set pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-7. Unless excused for good

cause, each party appearing in this action shall be represented at the final pretrial conference by the attorney who is to have charge of the conduct of the trial on behalf of such party.  Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes.

2. STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED. THIS ORDER SETS FORTH ADDITIONAL REQUIREMENTS.  Carefully prepared memoranda of contentions of fact and law, witness lists, a joint exhibit list, and a proposed final pretrial conference order shall be submitted in accordance with the Rules, and the format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules.  Failure of these documents to comply with these requirements may result in the final pretrial conference being taken off-calendar, or continued, or in other sanctions.

3. The memoranda of contentions of fact and law, witness lists and the joint exhibit list are due not later than 21 days before the final pretrial conference, and the proposed final pretrial conference order is to be lodged not later than seven days before the final pretrial conference.

4. In addition to the requirements of Local Rule 16, the witness lists must include a brief (one or two paragraph) description of the testimony, and a time estimate for both direct and cross-examination (separately stated).

5. Other documents to be filed in preparation for, and issues to be addressed at, the final pretrial conference are discussed below.


E.     SETTLEMENT PROCEDURES

A settlement procedure must be identified in every case pursuant to Local Rule 16-14, et seq.  The Court will normally be guided by counsel's agreement as

to what procedure is appropriate for the case and when the optimum time for that procedure is. Counsel must, however, complete a settlement conference no later than the date set by the Court at the scheduling conference. Not to the exclusion of other procedures, the following are available:

>   (1)   a settlement conference before the magistrate judge assigned to the case;

>   (2)   a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel;

>   (3)   the employment (at the parties' expense) of a private judge, a mediator, or arbitrator.

Judge Fischer will hold a settlement conference at the request of the parties in cases with a trial estimate of more than four days.

## II

## ADDITIONAL TRIAL PREPARATION

A.   MOTIONS *IN LIMINE*

All motions *in limine* must be filed at least three weeks before the final pretrial conference. Counsel are to meet and confer with opposing counsel to determine whether opposing counsel intends to introduce the disputed evidence, and to attempt to reach an agreement that would obviate the motion. Opposition must be filed ten days before the final pretrial conference. The Court will rule on motions *in limine* at the final pretrial conference. Motions in *limine* should address specific issues (i.e., *not* "to exclude all hearsay," etc.). Motions *in limine* should not be disguised motions for summary adjudication of issues.

B.  <u>JURY INSTRUCTIONS, SPECIAL VERDICT FORMS, VOIR DIRE, JURY SELECTION</u>

1. Fourteen days before the meeting of counsel required by Local Rule 16-2, plaintiff shall serve plaintiff's proposed jury instructions and special verdict forms, and defendant shall serve defendant's proposed jury instructions and special verdict forms as to any affirmative defenses, counterclaims, etc. Within ten days each shall serve objections to the other's instructions and verdict forms. Before or at the Rule 16-2 meeting, counsel are ordered to meet and confer and attempt to come to agreement on the proposed jury instructions and verdict forms.

2. When the <u>Manual of Model Jury Instructions for the Ninth Circuit</u> provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of this case. Where language appears in brackets, the appropriate language should be selected. All blanks should be completed. Where California law applies, counsel should use <u>California Jury Instructions -- Civil</u> (current edition) ("BAJI" or "CACI"). If neither is applicable, counsel should consult O'Malley, et al., <u>Federal Jury Practice and Instructions</u> (current edition). Each requested instruction shall: (a) cite the authority or source of the instruction; (b) be set forth in full, (c) be on a separate page, (d) be numbered, (e) cover only one subject or principle of law, and (f) not repeat principles of law contained in any other requested instruction.

3. At the time of filing the proposed final pretrial conference order, counsel shall file with the Court a JOINT set of jury instructions on which there is agreement. All blanks in standard forms should be filled in. The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.

4. At the same time each party shall file its proposed jury instructions that are objected to by any other party. Each disputed instruction must have attached a short (one or two paragraph) statement, including points and authorities in

- 6 -

support of the instruction as well as a brief statement, including points and authorities, in support of any objections.  A proposed alternative instruction must be provided, if applicable.  If the Court believes that there are so many disputed instructions that the trial would be unnecessarily interrupted in order for the Court to resolve disputes, the Court may determine that the matter is not yet ready to be tried, and may order counsel to continue to meet and confer until most of the disputes are resolved.

5. Counsel must provide the documents described in paragraphs 3 and 4 on a disk in WordPerfect 9 or above format at the time they file their proposed jury instructions.

6. The Court will send one or more copies of the instructions into the jury room for the jury's use during deliberations.  Therefore, in addition to the copies described above, the disk must contain a "clean" set of jury instructions, containing only the text of the instruction (one per page) with the caption "Jury Instruction No. ___" at the top (eliminating titles, supporting authority, etc.).

7. Counsel must provide an index of all instructions submitted, which must include the following:

    a. The number of the instruction;

    b. The title of the instruction;

    c. the source of the instruction and any relevant case citations;

    d. The page number of the instruction.

For example:

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Trademark - Defined (15 U.S.C. § 1127) | 9th Cir.  15.3.2 | 7 |

8. **Failure of counsel to follow the preceding provisions of this section may subject the non-complying party and/or attorney to sanctions and may constitute a waiver of jury trial.**

9. During the trial and before argument, the Court will meet with counsel and settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

10. At the time of filing the proposed final pretrial conference order, counsel should file a jointly prepared one or two page statement of the case to be read by the Court to the prospective panel of jurors before commencement of voir dire.

11. The Court will conduct the voir dire. The Court provides a list of basic questions, and may provide a list of additional questions to jurors before voir dire. (This is not a questionnaire to be completed by jurors.) Counsel may, but are not required to, submit a list of proposed case-specific voir dire questions at the time they file the proposed final pretrial conference order.

12. The Court will inquire concerning whether serving on the jury would create a substantial hardship, and may excuse jurors for that reason, before beginning individual voir dire.

13. In most cases the Court will conduct its initial voir dire of 14 prospective jurors who will be seated in the jury box. Generally the Court will select seven or eight jurors.

14. Each side will have three peremptory challenges. If fourteen jurors are seated in the box and all six peremptories are exercised, the remaining eight jurors will constitute the jury panel. If fewer than six peremptories are exercised, the eight jurors in the lowest numbered seats will be the jury. The Court will not necessarily accept a stipulation to a challenge for cause. If one or more challenges for cause are accepted, and all six peremptories are exercised, the Court may decide to proceed with six or seven jurors.

C.   TRIAL EXHIBITS

1. Counsel are to prepare their exhibits for presentation at the trial by

- 8 -

1  placing them in binders indexed by exhibit number with tabs or dividers on the

2  right side.  Counsel shall submit to the Court an original and two copies of the

3  binders.  The exhibits shall be in three-ring binders labeled on the spine portion

4  of the binder as to the volume number and contain an index of each exhibit

5  included in the volume.  Exhibits must be numbered in accordance with Local

6  Rule 16.5.

7      2.  The Court requires that the following be submitted to the Courtroom

8  Deputy Clerk ("CRD") on the first day of trial:

9          a.  The original exhibits with the Court's exhibit tags, yellow tags for

10  plaintiff and blue tags for defendant, shall be stapled to the front of the exhibit on

11  the upper right-hand corner with the case number, case name, and exhibit number

12  placed on each tag.

13          b.  One bench book with a copy of each exhibit tabbed with numbers

14  as described above for use by the Court.  (Exhibit tags are not necessary on this

15  copy.)

16          c.  Three copies of exhibit lists.

17          d.  Three copies of witness lists in the order in which the witnesses

18  may be called to testify.

19      3.  Where a significant number of exhibits will be admitted, the Court

20  encourages counsel, preferably by agreement, to consider ways in which

21  testimony about exhibits may be made intelligible to the jury while it is being

22  presented.  Counsel may consider such devices as overhead projectors, jury

23  notebooks for admitted exhibits, or enlargements of important exhibits.  The

24  Court has an Elmo and other equipment available for use during trial.  Call the

25  CRD if you wish to visit when the Court is not in session to practice using the

26  equipment.  The Court does not permit exhibits to be "published" by passing

27  them up and down the jury box.  Exhibits may be displayed using the screen in

28  the courtroom.

1    4. All counsel are to meet not later than ten days before trial and to

2  stipulate, so far as is possible, to foundation, to waiver of the best evidence rule,

3  and to those exhibits that may be received into evidence at the start of the trial.

4  The exhibits to be so received will be noted on the extra copies of the exhibit

5  lists.

6

7    D.    JURY TRIAL

8    On the first day of trial, court will commence at 8:00 a.m. and conclude at

9  approximately 4:00 p.m. with the standard lunch break.  On the first day of trial

10  counsel must appear at 8:00 a.m. to discuss preliminary matters with the Court.

11  The jury panel will be called when the Court is satisfied that the matter is ready

12  for trial.  Jury selection usually takes only a few hours.  Counsel should be

13  prepared to proceed with opening statements and witness examination

14  immediately after jury selection.  After the initial day of trial, trial days are

15  Tuesday through Friday from 8:00 a.m. to 1:30 p.m. with two fifteen-minute

16  breaks, normally at 10:00 a.m. and 12:00 p.m.

17

18                              **III.**

19

20             **CONDUCT OF ATTORNEYS AND PARTIES**

21

22    A.    OPENING STATEMENTS, EXAMINING WITNESSES, AND

23          SUMMATION

24    1. Counsel must use the lectern for opening statements, examination of

25  witnesses, and summation.

26    2. Counsel must not consume time by writing out words, drawing charts or

27  diagrams, etc.  Counsel may do so in advance and explain that the item was

28  prepared earlier as ordered by the Court to save time.

- 10 -

3.  The Court will honor (and may establish) reasonable time estimates for opening and closing arguments, examination of witnesses, etc.

B.  OBJECTIONS TO QUESTIONS

1.  Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2.  When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection.  If counsel wishes to argue an objection further, counsel must ask for permission to do so.

C.  GENERAL DECORUM

1.  Counsel should not approach the CRD or the witness box without specific permission.  If permission is given, counsel should return to the lectern when their purpose has been accomplished.  Counsel should not question a witness at the witness stand.

2.  Counsel should rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom.

3.  Counsel should address all remarks to the Court.  Counsel are not to address the CRD, the court reporter, persons in the audience, or opposing counsel.  If counsel wish to speak with opposing counsel, counsel must ask permission to do so.  Any request for the re-reading of questions or answers shall be addressed to the Court.  Such requests should be limited.  Repeated requests may not be granted.

4.  Counsel should not address or refer to witnesses or parties by first names alone.  Young witnesses (under 14) may, however, be addressed and referred to by first names.

5.  Counsel must not offer a stipulation unless counsel has conferred with opposing counsel and has verified that the stipulation will be acceptable.

6. While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses in the back of the courtroom unless permission has been granted in advance.

7. Counsel should not by facial expression, nodding, or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness. Counsel should admonish counsel's own clients and witnesses to avoid such conduct.

8. Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9. Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

D.   PROMPTNESS OF COUNSEL AND WITNESSES

1. The Court makes every effort to begin proceedings at the time set. Promptness is expected from counsel and witnesses. Once counsel are engaged in trial, this trial is counsel's first priority. The Court will not delay the trial or inconvenience jurors except under extraordinary circumstances. The Court will advise other courts that counsel are engaged in trial in this Court on request.

2. If a witness was on the stand at a recess, counsel must have the witness back on the stand, ready to proceed, when the court session resumes.

3. If a witness was on the stand at adjournment, counsel must have the witness adjacent to, but not on, the stand, ready to proceed, when the court session resumes.

4. Counsel must notify the CRD in advance if any witness should be accommodated based on the Americans with Disabilities Act or for other reasons.

5. No presenting party may be without witnesses. If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that party to have rested.

6. The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

E.   EXHIBITS

1. Each counsel should keep counsel's own list of exhibits and should note when each has been admitted in evidence.

2. Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the CRD mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

4. Whenever in counsel's opinion a particular exhibit is admissible, it should be moved into evidence, unless tactical or other considerations dictate otherwise.

5. Counsel are to advise the CRD of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

6. When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be asked to do the same.

7. Counsel must not ask witnesses to draw charts or diagrams nor ask the

1   Court's permission for a witness to do so.  If counsel wishes to question a witness

2   in connection with graphic aids, the material must be fully prepared before the

3   court session starts.

4

5       F.    DEPOSITIONS

6       1.  All depositions to be used at trial, either as evidence or for

7   impeachment, must be signed and lodged with the CRD on the first day of trial or

8   such earlier date as the Court may order.  Counsel should verify with the CRD

9   that the relevant deposition is in the CRD's possession and is properly signed.

10      2.  In using depositions of an adverse party for impeachment, either one of

11  the following procedures may be adopted:

12          (a)  If counsel wishes to read the questions and answers as alleged

13  impeachment and ask the witness no further questions on that subject, counsel

14  shall first state the page and line where the reading begins and the page and line

15  where the reading ends, and allow time for any objection.  Counsel may then read

16  the portions of the deposition into the record.

17          (b)  If counsel wishes to ask the witness further questions on the

18  subject matter, the deposition is placed in front of the witness and the witness is

19  told to read silently the pages and lines involved.  Then counsel may either ask

20  the witness further questions on the matter and thereafter read the quotations, or

21  read the quotations and thereafter ask the further questions.  Counsel should have

22  an extra copy of the deposition for this purpose.

23      3.  Where a witness is absent and the witness's testimony is offered by

24  deposition, counsel may (a) have a reader occupy the witness chair and read the

25  testimony of the witness while the examining lawyer asks the questions, or (b)

26  have counsel read both the questions and answers.

27

28

G.    USING NUMEROUS ANSWERS TO INTERROGATORIES AND REQUESTS FOR ADMISSIONS

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted. Copies of this new document should be given to the Court and opposing counsel. This procedure is intended to save time.

H.    ADVANCE NOTICE OF UNUSUAL OR DIFFICULT ISSUES

If any counsel has reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice. Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine*. <u>See</u> Fed. R. Evid. 103. Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial. THE COURT WILL NOT KEEP JURORS WAITING.

IT IS SO ORDERED.

DATED: 12-21-04

_____
Dale S. Fischer
United States District Judge

1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7          CENTRAL DISTRICT OF CALIFORNIA
8                              )  CASE NO.  CV        DSF(    x)
9                              )
10                             )
11         Plaintiff(s),       )
           vs.                 )  **EXHIBIT LIST**
12                             )
13                             )     *SAMPLE FORMAT*
14                             )
15         Defendant(s).       )
    _____    )

| EX. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

)   CASE NO.  CV            DSF(   x)
)
)
)
)
Plaintiff(s),   )
)
vs.   )   **WITNESS LIST**
)
)
)   *SAMPLE FORMAT*
)
Defendant(s).   )
)

| WITNESSES FOR PLAINTIFF | DATES OF TESTIMONY |
|---|---|
|  |  |
|  |  |
|  | (to be filled in during trial) |
|  |  |
|  |  |
| WITNESSES FOR DEFENDANT |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

S:\DSF\CIVIL CASES - OPEN\SPACE EXPLORATION 04-4375\SPACE 12-21-04 ORDER RE JURY TRIAL.wpd